UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TREVOR JAMES CARRIER, )
              Petitioner, )
) No. 1:19-cv-723
-v- )
) Honorable Paul L. Maloney
DEWAYNE BURTON, )
              Respondent. )
)

## ORDER ADOPTING REPORT AND RECOMMENDATION

Trevor Carrier, a state prisoner, filed a § 2254 petition for habeas relief. The Magistrate Judge issued a report addressing Petitioner's claims and recommending that this Court deny the requested relief. (ECF No. 14.) Petitioner filed objections. (ECF No. 16.) The Court will adopt the Report and Recommendation.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

    A. Mandatory Minimum

Petitioner claims he was not informed that the crimes with which he was charged carried a mandatory minimum of 25 years. The Magistrate Judge concludes Petitioner likely

did not raise the issue in his original 6.500 motion to the state trial court. (R&R at 32 PageID.1398.) Petitioner objects. The Court overrules the objection. Later in the R&R, the Magistrate Judge assumed that no procedural default for the claim occurred and evaluated the merits of the claim. (*Id.* at 35 PageID.1401.)

    B. Missing Transcripts / Motion for New Counsel

Petitioner claims that on August 26, 2014, just prior to the rescheduled trial, he requested new counsel, which the trial court denied. Petitioner further claims that a portion of the transcript from that day was never provided and that the justification for terminating counsel the day before trial was included in the portion of the hearing that was not transcribed. The Magistrate Judge concludes that a portion of the hearing was not transcribed. (R&R at 24 PageID.1390.) The Magistrate Judge concludes Petitioner failed to show that the manner in which the state courts resolved the missing transcripts claim amounted to an error for which he was entitled to habeas relief. (*Id.* at 26 PageID.1392.) Petitioner does not object to this portion of the R&R.

Petitioner also claims that the trial court violated his constitutional rights by denying his motion for new counsel on the eve of the rescheduled trial. The Magistrate Judge concludes that the trial court's decision was not contrary to clearly established federal law. (*Id.* at 29 PageID.1395.) Petitioner objects. The Court overrules Petitioner's objection. The Magistrate Judge explained why the various disagreements Plaintiff contends he had with counsel were not sufficient to overcome the deference that must be afforded to the trial court's decision in light of the timing of the request. Petitioner does not address the

Magistrate Judge's discussion of those disagreements; he simply repeats the disagreements he had with counsel.

### C. Ineffective Assistance of Trial Counsel

During the criminal action in state court, the trial court appointed counsel and later appointed substitute counsel. Petitioner claims both were ineffective. The Magistrate Judge concludes the state trial court, when considering and rejecting Petitioner's 6.500 motion, applied the correct standard for evaluating an ineffective assistance of counsel claim. (R&R at 31 PageID.1397.) Petitioner objects. Rather than addressing the standard, Petitioner argues the merits of several of his claims. The Court overrules Petitioner's objections. The Court has reviewed the claims of ineffective assistance of counsel for this objection. The Court finds that the Magistrate Judge accurately summarized the record and correctly applied the law to the facts for Petitioner's claims concerning (1) the failure to advise him of the 25-year mandatory minimum, which allegedly affected Petitioner's consideration of a plea and (2) the failure to contact or investigate witnesses.

### D. Ineffective Assistance of Appellate Counsel

Petitioner claims appellate counsel provided ineffective assistance by failing to raise the issues advanced in this habeas petition. The Magistrate Judge concludes that because the claims lack merit, appellate counsel cannot be faulted for failing to raise them. (R&R at 42-43 PgeID.1408-09.) Petitioner objects. Petitioner focuses his objection on the issue of a plea. The Court overrules Petitioner's objection. The Court concludes the Magistrate Judge accurately described the relevant facts and correctly applied the law to the facts relevant to Petitioner's claim concerning a plea. (*See* R&R at 36-37 PageID.1402-03.

E.  Certificate of Appealability

The Magistrate Judge concludes that reasonable jurists would not disagree with the manner in which Petitioner's claims were resolved and then recommends denying a certificate of appealability.  Petitioner objects.  Petitioner simply expresses disagreement with the Magistrate Judge's findings.  The Court overrules Petitioner's objection.  That Petitioner disagrees with the Magistrate Judge does not establish that reasonable jurists would also disagree.

For these reasons, the Court **ADOPTS**, as its Opinion, the Report and Recommendation (ECF No. 14.)  The Court **DENIES** Trevor Carrier's § 2254 petition for habeas relief.  The Court also **DENIES** a certificate of appealability.  **IT IS SO ORDERED.**

Date:   August 26, 2021                                               /s/  Paul L. Maloney
                                                                                    Paul L. Maloney
                                                                                    United States District Judge